## IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

| | |
|---|---|
| **SAVIER KNOX,** Individually And On Behalf Of All Others, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) **JURY TRIAL DEMANDED** |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORP.** Registered Agent: CSC-Lawyers Incorp. Service Co. 221 Boliver Street Jefferson City, MO 65101 | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Savier Knox, individually, by and through counsel and on behalf of the Putative Class set forth below, and in the public interest, brings the following class action Petition against Defendant First Advantage Background Service Corp. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant is a consumer reporting agency.

3. Defendant provided Adecco with a consumer report on the Plaintiff.

4. The consumer report provided to Adecco by the Defendant contained multiple inaccuracies.

5. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of all individuals for which Defendant produced a consumer report Defendant relies on information in a consumer report, in whole or in part, as a basis for

adverse employment action; such as a refusal to hire and/or termination.

6. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

7. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

8. Plaintiff Knox is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

9. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

10. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

11. Venue is proper in this Court pursuant to R.S.Mo. 508.010(4).

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. Plaintiff applied for employment with Adecco on or about June 14, 2017.

14. Plaintiff spoke with Ashley who told Plaintiff to come in to apply for a customer service position.

15. Ashley told Plaintiff they had a job available at the company Professional Service Industries, Inc. ("PSI").

16. Plaintiff was scheduled for an appointment the next day to speak with a

representative from PSI.

17. Plaintiff was told by the PSI representative that PSI was willing to hire her and she was given a start date of June 26, 2017.

18. Plaintiff called Adecco on or about June 16, 2017, to see if everything was still in order.

19. Plaintiff received a phone call back from Ashely on or about June 20, 2017, telling her PSI would not be hiring her because of information contained within her consumer report.

20. The information relied upon to take the adverse action was contained in the consumer report provided by the Defendant.

21. The consumer report issued by the Defendant contains multiple inaccuracies.

22. The consumer report issued by the Defendant contains duplicate entries of the same offense.

23. The inclusion of duplicate records within the consumer report provides the false impression that the Plaintiff has been charged and convicted of four different offenses.

24. The consumer report issued by the Defendant contains a criminal record with a case reference number that does not exist.

25. The consumer report issued by the Defendant contains inaccurate address information.

26. Defendant reported derogatory and inaccurate statements and information relating to the Plaintiff.

27. The manner in which Defendant provided a consumer report on the Plaintiff is

consistent with its policies and practices.

28. The manner in which Defendant produced a consumer report on the Plaintiff is the same or similar method used to obtain consumer reports on other putative class members.

29. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates in violation of 1681e(b).

30. Defendant is aware of the FCRA.

31. Defendant has knowledge that it must comply with the FCRA.

32. Defendant is required to produce all consumer reports for employment purposes in accordance with the FCRA.

33. The consumer report prepared and produced by the Defendant was not accurate.

34. A contract for the procurement of consumer reports exists between Adecco and the Defendant.

35. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Plaintiff asserts the following class defined as:

    **Proposed Class:** All individuals who were the subject of one or more consumer reports that list the same offense multiple times beginning August 24, 2012 through the conclusion of this matter

### **Numerosity**

38. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals for tenant screenings and other purposes. Said reports are produced in a manner that is misleading and does not assure the maximum possible accuracy of the information in the report. Plaintiff believes that during the relevant time period, thousands of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

39. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

    a. Whether Defendant properly follows reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates;

    b. Whether the Defendant follows reasonable procedures to assure the information contained in the reports are not misleading;

    c. Whether Defendant's violations of the FCRA were willful;

    d. The proper measure of statutory damages and punitive damages; and

### Typicality

40. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

41. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

42. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

43. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

44. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

45. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative

class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

46. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## COUNT I
**Violation of the FCRA**

47. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

48. Defendant produced a "consumer report," as defined by the FCRA, concerning the Plaintiff to Adecco.

49. The consumer report produced by the Defendant contained information that was misleading and inaccurate.

50. Defendant did not review the consumer report to assure that it was maximally accurate in violation of the FCRA.

51. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other putative class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside counsel;

    b. Defendant committed multiple violations of the FCRA by producing a consumer report that was both inaccurate and misleading;

    c. Defendant produced a consumer report that was not maximally accurate.

52. Plaintiff and the putative class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

53. Plaintiff and the putative class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

54. Plaintiff and the putative action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

  c.  Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

  d.  Order finding that Defendant committed multiple, separate violations of the FCRA;

  e.  Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

  f.  Order awarding statutory damages and punitive damages as provided the FCRA;

  g.  Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

  h.  Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division:<br>PATRICIA S JOYCE | Case Number: 17AC-CC00435 |
|---|---|
| Plaintiff/Petitioner:<br>SAVIER KNOX<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO  64454-9116 |
| Defendant/Respondent:<br>FIRST ADVANTAGE BACKGROUND SERVICES CORP. | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO  65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** FIRST ADVANTAGE BACKGROUND SERVICES CORP.
   **Alias:**
C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

*COURT SEAL OF*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_Thursday, August 24, 2017_
                Date                                                                                                                by bmu

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
   Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                    Date                                                    Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $     10.00
Mileage               $_____ (_____ miles @ $._____ per mile)
**Total**                $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 17-SMCC-658**     1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

| | |
|---|---|
| **SAVIER KNOX,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **FIRST ADVANTAGE BACKGROUND** ) | |
| **SERVICES CORP.,** ) | |
| Defendant. ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division: PATRICIA S JOYCE | Case Number: 17AC-CC00435 |
|---|---|
| Plaintiff/Petitioner: SAVIER KNOX vs. | Plaintiff's/Petitioner's Attorney/Address CHARLES JASON BROWN 301 S US HIGHWAY 169 GOWER, MO 64454-9116 |
| Defendant/Respondent: FIRST ADVANTAGE BACKGROUND SERVICES CORP. | Court Address: 301 E HIGH JEFFERSON CITY, MO 65101 |
| Nature of Suit: CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: FIRST ADVANTAGE BACKGROUND SERVICES CORP.
Alias:
C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Thursday, August 24, 2017
Date

**COLE COUNTY** Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to CSC-LAWYERS INC. SERVICE Co LAUREN SHIPLEY (name) designee (title).
☐ other _____
Served at 221 Bolivar St., Jefferson City, MO 65101 (address)
in Cole (County/City of St. Louis), MO, on 08/29/17 (date) at 2:24 pm (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 8-30-17 (date)
(Seal)
My commission expires: 12-4-20
Date     Notary Public

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 17-SMCC-658     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Cole Circuit - September 07, 2017 - 11:21 AM

# AFFIDAVIT OF SERVICE

**State of Missouri**        **County of Cole**        **Circuit Court**

Case Number: 17AC-CC00435

Plaintiff/Petitioner:
**SAVIER KNOX**
vs.
Defendant/Respondent:
**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**

Received by HPS Process Service & Investigations to be served on **First Advantage Background Services Corp., c/o Registered Agent: CSC-Lawyers Incorp. Service Co., 221 Bolivar Street, Jefferson City, MO 65101.** I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 29 day of AUG, 2017 at 2:24 pm., executed service by delivering a true copy of the Summons in Civil Case; and Complaint in accordance with state statutes in the manner marked below:

[X] REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 30th day of Aug, 17 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

PROCESS SERVER # PPS17-0154
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2017013835

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2d